UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

ERIC POLLET,

               Plaintiff,

   vs.

COSTCO WHOLE SALERS, STAFF AND
AFFILIATES,

               Defendant.

CIV. NO. 19-00372 LEK-WRP

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE
AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On July 11, 2019, pro se Plaintiff Eric Pollet

("Plaintiff") filed a Prisoner Civil Rights Complaint

("Complaint").[1]  [Dkt. no. 1.]  On August 1, 2019, Plaintiff

filed his Application to Proceed in District Court Without

Prepaying Fees or Costs ("Application").  [Dkt. no. 2.]  The

Court has considered the Application as a non-hearing matter

pursuant to Rule LR7.1(d) of the Local Rules of Practice of the

United States District Court for the District of Hawai`i ("Local

Rules").  For the reasons set forth below, the Complaint is

hereby dismissed without prejudice.  In other words, Plaintiff

---

[1] Plaintiff appears to have used the Prisoner Civil Rights
Complaint form by mistake.  He did not submit the Complaint from
a prison, and the Complaint does not address any prison
condition or event.

has permission to file an amended complaint to try to cure the defects in the Complaint.  Because Plaintiff is allowed to file an amended complaint, the Application will not be ruled upon until the amended complaint is filed and screened.

                              **BACKGROUND**

        Plaintiff brings this action pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  [Complaint at pg. 1.] Plaintiff alleges that, on October 19, 2017, his life was threatened when he was "aggressively[ and] violently attack[ed]" by an employee of Defendant Costco Whole Salers ("Costco" or "Defendant"), at the Costco location in Kahului, Hawai`i ("2017 Incident").  [Id. pgs. 1, 5.]  Plaintiff alleges the 2017 Incident occurred because of Costco's failure to enforce a policy.  [Id. at pg. 1.]

         Plaintiff also alleges another incident occurred during the afternoon of October 19, 2018, in the Costco parking lot ("2018 Incident").  [Id. at pg. 8.²]  Plaintiff alleges that, while he was walking to his car, "John Doe 1" attempted, twice, to hold Plaintiff against his will.  [Id.]  John Doe 1 allegedly punched Plaintiff on the back and on the back of his head. [Id.]  According to Plaintiff, John Doe 1 is a Costco manager.

_____

        ² The 2018 Incident also occurred at the Kahului Costco location.  [Complaint at pg. 10.]

[Id. at pg. 10.]  After John Doe 1 attacked Plaintiff, "John

Doe 2" pulled Plaintiff from behind, slammed him down on the

ground, then punched and kicked Plaintiff in the head and face.

[Id. at pg. 9.]  Plaintiff states John Doe 2 is an employee of

the tire department at the Kahalui Costco location.  [Id. at

pg. 10.]  According to Plaintiff, "John Doe 3" joined the other

two.  [Id. at pg. 9.]  Plaintiff states John Doe 3 is an

employee of the security department at the Kahalui Costco

location.  [Id. at pg. 10.]  John Doe 3 handcuffed Plaintiff and

hit Plaintiff's "face and forehead with a heavy instrument."

[Id. at pg. 9.]  Plaintiff states John Does 1, 2, and 3

(collectively "John Does") are each being sued in his individual

and official capacities, but none of them is named as a

defendant.  [Id. pgs. at 1, 10.]

         The Complaint alleges the following claims arising

from the 2017 Incident: Defendant violated Plaintiff's rights

under the Fourth Amendment to the United States Constitution by

failing to protect him from its employees ("Count I"); Defendant

violated Plaintiff's Fourth Amendment rights by failing to

ensure that its policy was followed ("Count II"); [id. at

pgs. 5-6;] and Defendant violated Plaintiff's constitutional

rights "by punishing or prosecuting" him without due process,

[id. at pg. 7].  Further, the Complaint alleges the following

claims arising from the 2018 Incident: John Doe 1's actions

violated Plaintiff's Fourth Amendment rights ("Count IV"); John

Doe 1's actions violated Plaintiff's constitutional right not to

be subjected to cruel and unusual punishment ("Count V"); a

cruel and unusual punishment claim, based on John Doe 2's

actions ("Count VI"); and a cruel and unusual punishment claim,

based on John Doe 3's actions ("Count VII").

## STANDARD

"Federal courts can authorize the commencement of any

suit without prepayment of fees or security by a person who

submits an affidavit that demonstrates he is unable to pay."

Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-

KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing

28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action
> commenced pursuant to Section 1915(a) to
> mandatory screening and can order the dismissal
> of any claims it finds "frivolous, malicious,
> failing to state a claim upon which relief may be
> granted, or seeking monetary relief from a
> defendant immune from such relief."  28 U.S.C.
> § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122,
> 1126-27 (9th Cir. 2000) (en banc) (stating that
> 28 U.S.C. § 1915(e) "not only permits but
> requires" the court to *sua sponte* dismiss an *in
> forma pauperis* complaint that fails to state a
> claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th
> Cir. 2001) (per curiam) (holding that "the
> provisions of 28 U.S.C. § 1915(e)(2)(B) are not
> limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a

"party invoking the federal court's jurisdiction
has the burden of proving the actual existence of
subject matter jurisdiction." Thompson v.
McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores)

(citation omitted), *reconsideration denied*, 2017 WL 830966

(Mar. 2, 2017).

## DISCUSSION

## I. Plaintiff's § 1983 Claims

Plaintiff brings this action pursuant to 28 U.S.C.

§ 1343(a)(3)[3] and 42 U.S.C. § 1983.  Section 1983 states, in

pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen
> of the United States or other person within the

---

[3] Section 1343(a) states, in pertinent part:

> The district courts shall have original
> jurisdiction of any civil action authorized by
> law to be commenced by any person:
>
> . . . .
>
> > (3)  To redress the deprivation, under color
> > of any State law, statute, ordinance,
> > regulation, custom or usage, of any right,
> > privilege or immunity secured by the
> > Constitution of the United States or by any
> > Act of Congress providing for equal rights
> > of citizens or of all persons within the
> > jurisdiction of the United States[.]

> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress . . . .

The Ninth Circuit has stated "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002) (citing Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc)). There are three tests that federal courts use to determine whether a private party engaged in state action for purposes of § 1983:

> First, the "joint action" test examines whether
> private actors are willful participants in joint
> action with the government or its agents. See
> Dennis [v. Sparks], 449 U.S. [24,] 27–28, 101 S.
> Ct. 183 [(1980)]. Second, and derivative of the
> joint action test, the "symbiotic relationship"
> test asks whether the government has so far
> insinuated itself into a position of
> interdependence with a private entity that the
> private entity must be recognized as a joint
> participant in the challenged activity. See
> Rendell Baker v. Kohn, 457 U.S. 830, 842–43, 102
> S. Ct. 2764, 73 L. Ed. 2d 418 (1982). Last, the
> "public functions" test inquires whether the
> private actor performs functions traditionally
> and exclusively reserved to the States. See
> Flagg Bros. v. Brooks, 436 U.S. 149, 157, 98 S.
> Ct. 1729, 56 L. Ed. 2d 185 (1978).

Id. at 1210.

Plaintiff alleges John Doe 1 was acting under color of

law because John Doe 1 held him against his will and assaulted

him.  Similarly, John Doe 2 and John Doe 3 were allegedly acting

under color of law because each of them assaulted Plaintiff.

[Complaint at pg. 10.]  The factual allegations of the

Complaint, read as a whole, do not indicate that either

Defendant or the John Does: 1) engaged in any type of "joint

action with the government or its agents"; or 2) had a

"symbiotic relationship" with the government.  See Brunette, 294

F.3d at 1210.  Plaintiff alleges John Doe 3 is an employee of

Costco's security department.  [Id. at pg. 10.]  Plaintiff may

be arguing Defendant and John Doe 3 are state actors under the

public function test.

> Private activity becomes a "public function" only
> if that action has been "traditionally the
> exclusive prerogative of the State." Rendell
> Baker, 457 U.S. at 842, 102 S. Ct. 2764 (quoting
> Jackson v. Metro. Edison Co., 419 U.S. 345, 353,
> 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)); see also
> Vincent [v. Trend W. Tech. Corp.], 828 F.2d
> [563,] 569 [(9th Cir. 1987)] (finding repair of
> fighter jets a traditional function of the
> government, but not one of its exclusive
> prerogatives).  If private actors hold elections,
> Terry [v. Adams], 345 U.S. [461,] 484, 73 S. Ct.
> 809 [(1953)], govern a town, Marsh v. Alabama,
> 326 U.S. 501, 507-09, 66 S. Ct. 276, 90 L. Ed.
> 265 (1946), . . . they have been held responsible
> as state actors.  On the other hand, if private
> actors educate "maladjusted" youth, Rendell-
> Baker, 457 U.S. at 842, 102 S. Ct. 2764, or
> resolve credit disputes, they have not been held
> to perform an exclusive prerogative of the State,
> and thus, they have not been held responsible as

8

state actors. <u>Flagg Bros.</u>, 436 U.S. at 157–60, 98 S. Ct. 1729.

<u>Brunette</u>, 294 F.3d at 1214. Law enforcement may be considered a function that is within "the exclusive prerogative of the State." <u>Id.</u> However, the mere allegation that John Doe 3 is a security employee is not enough to allege that he, or his employer, was engaged in law enforcement. See <u>id.</u> at 1209 ("Whether a private party engaged in state action is a highly factual question." (citation omitted)). The Complaint does not plead sufficient factual allegations to support a reasonable inference that either Defendant or John Doe 3 was engaged in state action under the public function test. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); <u>id.</u> ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

The screening analysis requires a determination of whether Plaintiff's claims against Defendant state claims upon which relief can be granted, in other words, whether the claims would survive a motion to dismiss brought pursuant to

Rule 12(b)(6).  See Lopez, 203 F.3d at 1126-27; Rule 12(b)(6)

(stating the defense of "failure to state a claim upon which

relief can be granted" may be asserted in a motion).  Because

Plaintiff has not pled a sufficient factual basis to support a

conclusion that Defendant is a state actor, Plaintiff's § 1983

claims fails to state claims upon which relief can be granted.

Plaintiff's Complaint must therefore be dismissed.

## II.  Other Claims

Because Plaintiff is proceeding pro se, his Complaint

must be liberally construed.  See Eldridge, 832 F.2d at 1137.

Because Plaintiff alleges the John Does are all Defendant's

employees, and the 2017 Incident occurred because Defendant

failed to enforce its policy, Plaintiff's claims could be

construed as negligent supervision claims under Hawai`i law.

See Ikeda v. City & Cty. of Honolulu, Case No. 19-cv-00009-DKW-

KJM, 2019 WL 4684455, at *11 (D. Hawai`i Sept. 25, 2019)

("Hawaii . . . recognize[s] a cause of action for negligent

supervision or control." (citing Abraham v. S.E. Onorato

Garages, 446 P.2d 821, 826 (Haw. 1968))).

"To state a claim for negligent supervision against an

employer, a plaintiff must allege that an employee was 'acting

outside the scope of [their] employment' when the harm was

caused."  Id. (alteration in Ikeda) (quoting Pulawa v. GTE

Hawaiian Tel, 143 P.3d 1205, 1220 (Haw. 2006)).  In addition, a

negligent supervision claim ultimately "require[s] the plaintiff
to establish foreseeability, i.e., that 'the employer knew or
should have known of the necessity and opportunity for
exercising such control,'" as well as the elements of a
traditional negligence claim.[4]  Howard v. Hertz Corp., Civil
No. 13-00645 SOM/KSC, 2014 WL 5431168, at *4 (D. Hawai`i
Oct. 23, 2014) (some citations omitted) (quoting Abraham v.
S.E. Onorato Garages, 50 Haw. 628, 639 (1968)).

        The Complaint could be liberally construed as pleading
the elements a traditional negligence claim, as well as the
element that the John Does were acting outside the scope of
their employment.  However, Plaintiff has not alleged sufficient
facts to support a reasonable inference that the John Does'
actions were foreseeable to Defendant.  Moreover, if the claims

_____

        [4] Hawai`i law requires these elements for a negligence
claim:

                (1) A duty, or obligation, recognized by the law,
                requiring the defendant to conform to a certain
                standard of conduct, for the protection of others
                against unreasonable risks;

                (2) A failure on the defendant's part to conform
                to the standard required: a breach of the duty;
                (3) A reasonably close causal connection between
                the conduct and the resulting injury; and
                (4) Actual loss or damage resulting to the
                interests of another.

Molfino v. Yuen, 134 Hawai`i 181, 184, 339 P.3d 679, 682 (2014).

in the Complaint are construed as negligent supervision claims,

this Court would not have jurisdiction pursuant to 28 U.S.C.

§ 1343(a)(3).  Plaintiff would have to rely on diversity

jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), which provides

that district courts have jurisdiction over civil actions

between citizens of different states, if the amount in

controversy exceeds $75,000, without considering interest and

costs.[5]  Plaintiff and Defendant both appear to be citizens of

Hawai`i, [Complaint at pg. 1,] and the amount in controversy is

not alleged.  Therefore, even if Plaintiff's claims are

liberally construed as negligent supervision claims, the claims

would still be dismissed because: 1) there is no basis for

jurisdiction over such claims; and 2) there are insufficient

factual allegations regarding the foreseeability element of the

claim.

## III. Leave to Amend

        Because Plaintiff is pro se and it is arguably

possible for Plaintiff to cure the deficiencies identified in

the Complaint, leave to file an amended complaint must be

granted.  See Lucas, 66 F.3d at 248.  If Plaintiff chooses to

---

        [5] It is noted that, if Plaintiff states at least one
plausible § 1983 claim, supplemental jurisdiction over a
negligent supervision claim could be exercised.  See 28 U.S.C.
§ 1367(a).  In that instance, diversity jurisdiction would not
be required.

12

file an amended complaint, he must do so by **November 1, 2019**, and the amended complaint must allege facts that would support a conclusion that Defendant engaged in state action. If Plaintiff chooses to allege state law claims – including, but not limited to, negligent supervision claims – instead of § 1983 claims, he must allege a basis for diversity jurisdiction.

Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if he fails to file his amended complaint by **November 1, 2019**, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

## IV. <u>Application</u>

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening

13

process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed July 11, 2019, is HEREBY DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order.  Plaintiff is GRANTED leave to file his amended complaint by **November 1, 2019**. The amended complaint must comply with the terms of this Order. The Clerk's Office is DIRECTED to send Plaintiff a copy of the following, with Plaintiff's copy of the instant Order: 1) the form Complaint for a Civil Case; and 2) the form Complaint for Violation of Civil Rights (Non-Prisoner).

In addition, the Court HEREBY RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 1, 2019.  If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 30, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>ERIC POLLET VS. COSTCO WHOLE SALERS</u>; CV 19-00372 LEK-WRP; ORDER
**DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND RESERVING
RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
PREPAYING FEES OR COSTS**